J. S70014/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ISAIAH RANSOME, : No. 3292 EDA 2017
:
Appellant :


Appeal from the PCRA Order, September 6, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005859-2007


BEFORE: GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 31, 2019**

Isaiah Ransome appeals **pro se** from the September 6, 2017 order entered by the Court of Common Pleas of Philadelphia County denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On December 14, 2012, a jury convicted appellant of the following offenses: one count of second-degree murder, four counts of robbery—threat of immediate serious injury, three counts of aggravated assault, and one count each of conspiracy to commit robbery, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possession of an instrument of crime.[1] On June 21, 2013, the trial court sentenced appellant

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(ii), 2702(a), 903(a)(1), 6106(a)(1), 6108, and 907(a), respectively.

to an aggregate sentence of life imprisonment without the possibility of parole. A previous panel of this court affirmed appellant's judgment of sentence on December 19, 2014. *See Commonwealth v. Ransome*, 116 A.3d 693 (Pa.Super. 2014) (unpublished memorandum). On June 29, 2015, our supreme court denied appellant's petition for allowance of appeal. *See Commonwealth v. Ransome*, 117 A.3d 1281 (Pa. 2015).

Appellant filed a timely *pro se* PCRA petition on March 22, 2016. On April 28, 2016, he filed an amended *pro se* PCRA petition. Therein, appellant averred that his sentence was illegal in light of *Alleyne v. United States*, 570 U.S. 99 (2013), and that his trial counsel rendered ineffective assistance for failing to raise a double jeopardy claim. (*See* amended PCRA petition, 4/28/16; Docket No. 28.) The PCRA court appointed David Rudenstein, Esq., to represent appellant; and on June 5, 2017, Attorney Rudenstein filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), along with a petition to withdraw.

On June 6, 2017, the PCRA court filed a notice of intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. In its Rule 1925(a) opinion, the PCRA court notes that after receiving a letter from appellant in which appellant indicated that he did not receive a *Turner*/*Finley* no-merit letter, the PCRA court continued its dismissal of appellant's petition until July 17, 2017. (PCRA court opinion, 1/16/18 at 5.)

The PCRA court further notes that on July 17, 2017, it required Attorney Rudenstein to re-send his **Turner**/**Finley** no-merit letter to appellant, and that on September 4, 2017, Attorney Rudenstein informed the PCRA court that "he sent a **Finley** letter back in July and just to be sure, he 'recently sent another copy' to [a]ppellant." (**Id.**) The PCRA court dismissed appellant's petition on September 6, 2017. On January 22, 2018, the PCRA court granted Attorney Rudenstein's petition to withdraw.

Appellant filed a timely **pro se** notice of appeal on September 26, 2017. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant complied. The PCRA court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

In his brief, appellant initially raised the following issues for our review:

> I. Whether the PCRA Court erred by failing to provide [a]ppellant additional time to respond to PCRA Counsel's Finley letter and 907 Notice prior to the dismissal of the PCRA in violation of the Due Process Clause?
>
> II. Whether PCRA Counsel rendered ineffective[] assistance of counsel?

Appellant's brief at iii.

We remanded this case on November 20, 2018, for the PCRA court to determine whether appellant received a copy of Attorney Rudenstein's **Turner**/**Finley** no-merit letter and petition to withdraw. **See**

- 3 -

***Commonwealth v. Ransome***, 201 A.3d 861 (Pa.Super. 2018) (unpublished memorandum). On February 22, 2019, we entered an order granting the PCRA court an additional 60 days to comply with our November 20, 2018 directive to conduct an evidentiary hearing. Five days later, on February 27, 2019, appellant filed a ***pro se*** application for relief in which he requested an extension of time to file an appeal. Appellant also requested the release of "pertinent parts of the record to develop and articulate most of his claims." (***See*** application for relief, 2/27/19.)

On July 25, 2019, the PCRA court determined that appellant had not received a copy of Attorney Rudenstein's ***Turner***/***Finley*** no-merit letter prior to June 14, 2019, at which point appellant was personally served with a copy of both the no-merit letter and the PCRA court's notice of intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. (PCRA court findings of fact, 7/25/19 at 1.) As directed by our remand order, the PCRA court gave appellant 30 days to respond to the ***Turner***/***Finley*** letter and the Rule 907 notice. In response, appellant filed a ***pro se*** document entitled "***Aequitas Jurisdictiones Non Confundit*** (equity does not confuse jurisdiction)," on July 11, 2019. The document did not in any way address the issues raised in Attorney Rudenstein's no-merit letter, nor did it raise any ineffective assistance of PCRA counsel challenge. (***See*** PCRA court findings of fact, 7/25/19, Appendix A.)

Based on our review of the record, we find that appellant's issues relating to sentencing and ineffective assistance of counsel that he raised in his **pro se** amended PCRA petition were thoroughly addressed in Attorney Rudenstein's **Turner**/**Finley** no-merit letter. Having determined, after careful review, that the Honorable Diana L. Anhalt, in her Rule 1925(a) opinion, ably and comprehensively disposes of appellant's issues on appeal, with appropriate reference to the record and without legal error, we affirm on the basis of that opinion.

Order affirmed.

Appellant's application for relief filed February 27, 2019 is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/19

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH | : | NO.: CP-51-CR-0005859-2007 |
| OF PENNSYLVANIA | : | |
| | : | |
| v. | : | Superior Court No.: |
| | : | 3292 EDA 2017 |
| ISAIAH RANSOME | : | |

**OPINION**

CP-51-CR-0005859-2007 Comm. v. Ransome, Isaiah
Opinion

8055523091

**ANHALT, J.**

Appellant in the above-captioned matter appeals this Court's judgment regarding its dismissal of his Post-Conviction Relief Act ("PCRA") Petition. The Court submits the following Opinion in accordance with the requirements of Pa.R.A.P. 1925(a). For the reasons set forth herein, the Court holds that Appellant's PCRA Petition was properly dismissed.

**PROCEDURAL HISTORY**

On February 7, 2007, police arrested and charged Appellant, Isaiah Ransome with numerous offenses stemming from a shooting and robbery. On December 14, 2012, a jury convicted Appellant of second-degree murder and related offenses. On June 21, 2013, the Honorable Benjamin Lerner sentenced Appellant to life imprisonment without the possibility of parole. On June 26, 2013, Appellant filed a timely notice of appeal. On July 1, 2013, the court ordered Appellant pursuant to Pa. R.A.P. 1925(b) to file with the court a Concise Statement of Matters Complained of on Appeal. On July 22, 2013, Appellant filed a motion for extension of time which the court granted. On November 7, 2013, Appellant filed his 1925(b) Statement with the Court. On March 10, 2014, Judge Lerner issued his opinion. On December 19, 2014, the

Superior Court affirmed the judgment of sentence. On June 29, 2015, the Supreme Court denied Appellant's Petition for Allowance of Appeal.

On March 22, 2016, Appellant filed another PCRA petition. On April 28, 2016, Appellant filed yet another PCRA Petition. After appointment of counsel, on June 5, 2017, counsel filed a *Finley* Letter. On June 6, 2017, this Court submitted an intent to dismiss notice under Rule 907. On September 6, 2017, this Court formally dismissed Appellant's PCRA petition for lack of merit. On September 26, 2017, Appellant filed a timely notice of appeal. On October 6, 2017, this Court ordered Appellant pursuant to Pa. R.A.P. 1925(b) to file with the Court a Concise Statement of Matters Complained of on Appeal. On November 9, 2017, Appellant filed a Statement of Errors Complained of on Appeal. Appellant raises the following issues on appeal:

a. Whether the PCRA court erred by failing to require PCRA counsel to give Appellant a copy of the *Finley* Letter and allow additional time for Appellant to respond to the *Finley* Letter prior to the dismissal of the PCRA in violation of Appellant's right to due process.

b. Whether PCRA counsel was ineffective for failing to raise or investigate the issue of Appellant being misidentified in cell phone video by prosecution at trial and trial counsel's ineffectiveness thereto for his failure to object or raise the issue on appeal.

c. Whether PCRA counsel was ineffective for refusing to respond to Appellant's letters requesting him to have new witnesses interviewed.

d. Whether PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to address the trial court's abuse of discretion in allowing statements taken from juveniles without a parent or guardian present in the record.

e. Whether PCRA counsel was ineffective for filing an inadequate *Finley* Letter.

2

f.  Whether the PCRA court erred in allowing PCRA counsel to file an inadequate *Finley*

Letter, which did not address every issue Appellant requested PCRA counsel to raise,

after conducting its independent review.

**FACTUAL HISTORY**[1]

On October 3, 2006, at approximately 9:20 p.m., Gary Roemhild, Kevin Roemhild, Keith

Pena and the decedent, Michael Thierry, were standing on the front steps of 1500 Rosalie Street,

where Gary rented an apartment. As the complainants were conversing with each other,

Appellant and his cohorts, all of whom were armed, approached them. (N.T., 12/6/12, pp. 23-27,

111-117; 12/7/12, pp. 20-25).

Sensing that a robbery was about to occur, Gary attempted to run inside. He could not

open the door before Appellant, who was holding a handgun, grabbed him and demanded that he

empty his pockets. (N.T., 12/6/12, pp. 27-28, 117-119). Keith Pena was standing on the steps

next to Gary. He was robbed by Appellant's brother, Jerry Ransome, who brandished a .32

caliber revolver. (N.T., 12/7/12, pp. 25-27). Kevin Roemhild and Michael Thierry were at the

bottom of the steps, near the pavement. Eric Gales pointed a .22 caliber rifle at Kevin

Roemhild's head during the robbery. Sean Gordine confronted Michael Thierry. (N.T., 12/6/12,

pp. 27-28, 121-131).

Gary, Keith and Kevin each gave up their money, wallets and cell phones. Michael

Thierry dropped his keys and cell phone to the ground and ran. At that point, all four defendants

turned toward Thierry and started shooting. Thierry was shot in the head and groin and collapsed

near the intersection of Rosalie and Horrocks Streets. As they fled, the defendants turned their

weapons on the surviving victims and fired multiple gunshots at them.

---

[1] The following factual history was taken from the Honorable Benjamin Lerner's Opinion dated
March 10, 2014.

Police arrived on the scene within a few minutes. There they found Thierry lying in the street. Thierry was taken to the hospital, where he died three days later.

Over the next several months, homicide detectives interviewed the victims and spoke with several witnesses. One of those witnesses was Appellant's brother, Jamil Ransome. He told police that Appellant owned a .357 magnum and that Appellant kept the gun at his girlfriend's house. On February 5, 2007, police executed a search warrant at the home of Appellant's girlfriend and recovered a .357 magnum.

On February 7, 2007, Appellant was arrested. He did not give a statement to police. However, in a separate investigation that occurred four months before this incident, Appellant told police that he had owned a .357 magnum but he had gotten rid of the gun. Appellant also acknowledged during the prior investigation that ammunition discovered in his bedroom was his property.

At trial, two surviving victims, Gary and Kevin Roemhild, and multiple bystanders who observed the robbery and subsequent shooting positively identified Appellant as one of the shooters. The Commonwealth also presented testimony from several police officers and the medical examiner, ballistics evidence linking the defendants to the crime, inculpatory statements Appellant made to Jamil Ransome and Deante Smith after the shooting, and a cell phone video depicting all four defendants playing Russian roulette with a .32 caliber handgun. Appellant did not have a license to carry a firearm.

## DISCUSSION

### a. This Court did require counsel to send the *Finley* letter and did provide more time for Appellant to respond.

Appellant argues that this Court erred by failing to require PCRA counsel to send him a copy of the *Finley* Letter. Appellant also claims that this Court did not allow for additional time

4

for him to respond to the *Finley* Letter prior to the dismissal of his PCRA. However, this Court did require counsel to send Appellant the *Finley* letter and did provide Appellant more time to respond.

On June 5, 2017, Appellant's counsel filed his *Finley* letter with this Court. On June 6, 2017, this Court filed and mailed a notice of its intent to dismiss under rule 907 to whom this Court notified Appellant that this Court would formally dismiss his PCRA on July 7, 2017 and provided him 20 days to respond. Following Appellant's letter indicating that he was not in receipt of the *Finley* letter, this Court continued its dismissal to July 17, 2017. On that date, this Court required counsel to resend Appellant the *Finley* letter and continued its dismissal until September 6, 2017. On September 4, 2017, this Court received a letter from counsel notifying the Court that he sent a *Finley* letter back in July and just to be sure, he "recently sent another copy" to Appellant. (*See* attached letter). This Court formally dismissed Appellant's PCRA on September 6, 2017. Therefore, this Court did not err.

**b. Appellant's arguments b through e are not reviewable.**

In issues b through e, Appellant provides numerous arguments in connection with his PCRA counsel's effectiveness. However, those contentions are considered waived, as new claims may not be raised on appeal. If there was any confusion as to whether a defendant could challenge the effectiveness of PCRA counsel on appeal from denial of PCRA relief, the court in *Commonwealth v. Pitts*, 981 A.2d 875, 880, n.4 (Pa. 2009) cleared it up, holding that claims of PCRA ineffectiveness could not be raised for the first time on direct or discretionary appeal. Therefore, Appellant's arguments regarding the effectiveness of PCRA counsel are all considered waived and not reviewable for purposes of this appeal. *See also, Commonwealth v. Ligons*, 971 A.2d 1125 (Pa. 2009); *Commonwealth v. Hall*, 872 A.2d 1177 (Pa. 2005).

5

**f. This Court did not err in allowing PCRA counsel to file an inadequate *Finley* Letter, as it was not inadequate.**

Appellant argues that this Court erred in allowing PCRA counsel to file an inadequate *Finley* Letter. Specifically, Appellant claims that PCRA counsel did not address every issue Appellant requested. However, because PCRA counsel addressed both claims presented in his *pro se* PCRA Petition, Appellant's argument is baseless.

Here, Appellant raised two issues in his pro se PCRA Petition. (1) *Montgomery v. Louisiana/Alleyne* and (2) that counsel was ineffective for failing to raise a double jeopardy claim. *See pro se* PCRA Petition at 1, 23. Counsel's *Finley* letter noted and subsequently analyzed both issues. (*See Finley* letter at 7-11). This Court properly accepted and agreed with PCRA counsel's analysis of both issues, as they are both without merit. *See Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988). Therefore, this Court did not err.

**CONCLUSION**

After review of the applicable statutes, testimony, and case law this Court's decision should be affirmed.

BY THE COURT:

*Diana L. Anhalt*

DATE: January 16, 2018                    DIANA L. ANHALT, J.

6